IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No.  2:20-CR-305 |
| v. | ) | |
| | ) | (18 U.S.C. § 1344(1)) |
| HAROLD SOSNA | ) | |

## INFORMATION

The United States Attorney charges:

### INTRODUCTION

1. At all relevant times, S&T Bank, with a principal office located at 800 Philadelphia Street, Indiana, Pennsylvania, in the Western District of Pennsylvania, was a banking institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

2. At all relevant times, First Financial Bank, with a principal office located at 255 East Fifth Street, Suite 700, Cincinnati, Ohio, was a banking institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

### BANKS AND BANKING

3. Banks make money, in part, by lending money at rates higher than the cost of the money they lend. More specifically, banks collect interest on loans and interest payments from the debt securities they own, and pay interest on deposits, CDs, and short-term borrowings. The largest source by far of funds for banks is deposits of money that account holders entrust to the bank for safekeeping and for use in future transactions, as well as modest amounts of interest. Generally referred to as "core deposits", these are typically the money in checking and savings accounts commonly held by bank customers. In most cases, these deposits have very short terms.

While customers will typically maintain accounts for many years with a particular bank, the customer reserves the right to withdraw the full amount at any time. The balances are fully insured up to $250,000. Therefore, banks do not have to pay much for the use of this money. Many banks pay no interest at all on checking account balances, or at least pay very little, and pay interest rates for savings accounts that are well below U.S. Treasury bond rates.

4. The defendant, HAROLD SOSNA, is the president of Premier Healthcare Management, located at 4750 Ashwood Drive, Suite 300, Blue Ash, Ohio. Premier Healthcare Management was founded on January 1, 1998. It currently owns and operates eight nursing care facilities in southern and central Ohio. The company provides in-facility, post-acute, and long-term care for individuals recovering from medical procedures, as well as assisted living services. Each facility has a limited liability corporation that owns the building and real estate. The limited liability corporation then leases the property to an S-Corp that is granted a state license to operate a care facility at that location. Premier Healthcare Management contracts with the S-Corp to provide staff and operational management to the facility. Each entity has a subsidiary relationship with Premier Healthcare Management and operates individual bank accounts at various banks to include S&T Bank and First Financial Bank.

## BANK FRAUD SCHEME

5. The term "check kiting" as used herein refers to a form of check fraud which involves taking advantage of the float – the time between presentment of a check and the actual receipt of funds – to make use of non-existent funds in a checking or other bank account. The purpose of check kiting is to falsely inflate the balance of a checking account in order to allow written checks that would otherwise bounce to clear.

## COUNT ONE

6. The allegations of paragraphs 1 through 5 are hereby realleged and incorporated as if fully set forth herein.

7. From on or about May 15, 2020, to on or about May 18, 2020, in the Western District of Pennsylvania and elsewhere, the defendant, HAROLD SOSNA, did knowingly execute and attempt to execute a material scheme and artifice to defraud financial institutions, including S&T Bank and First Financial Bank, and therefore fraudulently obtain moneys and funds owned by and under the custody and control of these financial institutions.

8. As part of the scheme to defraud, the defendant, HAROLD SOSNA, wrote checks between various S&T Bank and First Financial Bank accounts under his control and associated with Premier Healthcare Management and its subsidiaries, in increasing dollar amounts, and thus engaged in a scheme commonly known as check kiting. This was done to manipulate the numerical balance in the accounts and thereby create the false and fraudulent appearance that the defendant had sufficient legitimate available funds in various accounts, and to trick the banks into honoring checks drawn against accounts with insufficient funds.

9. Also as part of the scheme to defraud, from on or about May 15, 2020, to on or about May 18, 2020, by writing and negotiating checks, the defendant, HAROLD SOSNA, sent more than $118,000,000.00 through interstate facilities of banks, which were unfunded amounts and were the equivalent of obtaining money from the banks without actual properly secured loans. A total of 203 checks were negotiated in execution of the aforesaid scheme.

10. As a result of the scheme, S&T Bank incurred a loss of $59,240,000.00.

All in violation of Title 18, United States Code, Section 1344(1).

## FORFEITURE ALLEGATIONS

11. The allegation of paragraphs 1 through 10 are hereby realleged and incorporated as if fully set forth herein.

12. The United States hereby gives notice to the defendant, HAROLD SOSNA, charged in Count One that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

## MONEY JUDGMENT

13. A sum of money equal to at least approximately $59,240,000.00 in United States currency.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

_____
SCOTT W. BRADY
United States Attorney
PA ID No. 88352