

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219

412/644-3500

August 17, 2020

Herbert Haas, Esquire
114 East Eighth Street
Cincinnati, OH 452020

Re:   United States of America v.
      Harold Sosna
      Criminal No. 20-_____

Dear Mr. Haas:

This letter sets forth the agreement by which your client, Harold Sosna, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Harold Sosna and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Harold Sosna will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Harold Sosna, agrees to the following:

        1.    He will waive prosecution by indictment and enter a plea of guilty to Count 1 of the Information (a draft copy of which is attached as Exhibit A) at Criminal No. 20-_____, charging him with violating 18 U.S.C. § 1344(1), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

        2.    He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664, to the victims and/or other

LIMITED OFFICIAL USE

persons or parties authorized by law in such amounts, as the Court shall direct.

He agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

Upon request of the United States, the defendant agrees to provide all information regarding his income, assets and financial status, and that of his household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to him.

3. He will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 982(a)(2), including but not limited to the following:

   (a) a sum of money equal to $59,240,000.

4. He acknowledges that the above-described property constitutes proceeds that he obtained directly or indirectly, as the result of the offense charged in the information.

5. He agrees that if the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein and pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c) shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

6. At the time Harold Sosna enters his plea of guilty, he will deposit a special assessment of $100.00 in the form of cash, check, or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

7. Harold Sosna waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

8. Harold Sosna waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, Harold Sosna may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Harold Sosna may take a direct appeal from the sentence.

   Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

   Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Harold Sosna in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence.

2. The United States agrees to recommend a three-level downward adjustment for acceptance of responsibility. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with

Page 4

    acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

  3. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Harold Sosna and the United States Attorney further understand and agree to the following:

  1. The penalty that may be imposed upon Harold Sosna is:

    (a) A term of imprisonment of not more than thirty (30) years;

    (b) A fine of not more than $1,000,000;

    (c) A term of supervised release of five (5) years;

    (d) A special assessment under 18 U.S.C. § 3013 of $100.00.

  2. The parties stipulate that the fraud loss pursuant to Section 2B1.1 of the United States Sentencing Guidelines is $59,240,000. This stipulation represent the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

  3. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Harold Sosna and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*

SCOTT W. BRADY
United States Attorney

Page 5

I have received this letter from my attorney, Herbert Haas, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
HAROLD SOSNA

9-29-2020
Date

Witnessed by:

_____
HERBERT HAAS, ESQUIRE
Counsel for Harold Sosna