```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 2

 3   UNITED STATES OF AMERICA,

 4        vs.
                                   Criminal No. 20-305
 5   HAROLD SOSNA,

 6              Defendant.
                                 - - -
 7


 8   Transcript of Waiver of Indictment and Guilty Plea on
        October 20, 2020, in the United States District Court,
 9      Pittsburgh, Pennsylvania,
        BEFORE: HON. MARILYN J. HORAN, DISTRICT JUDGE.
10


11        APPEARANCES:

12
          For the Government:      Jeffrey Bengel, Esquire and
13                                 Robert Cessar, Esquire
                                   U.S. Attorney's Office
14                                 U.S. Courthouse
                                   700 Grant Street, Suite 4000
15                                 Pittsburgh, Pennsylvania 15219

16
          For the Defendant:       HERBERT J. HAAS
17                                 Herbert J. Haas, Esquire
                                   The Citadel
18                                 114 East Eight Street
                                   Cincinnati, Ohio 45202
19

20        Court Reporter:          Sharon Siatkowski, RPR, CRR, CBC, CRI
                                   700 Grant Street, Ste. 5300
21                                 Pittsburgh, Pennsylvania 15219

22

23

24   Proceedings recorded by mechanical stenography; transcript
     produced by computer-aided transcription
25
```

```
 1                    P R O C E E D I N G S

 2                        (1:05 p.m.)

 3                  (In open court via Zoom.)

 4          THE CLERK:  Before we begin, I just want to give the

 5   rules of the Zoom in general for everyone.

 6          While you're not speaking, if the Court does not

 7   address you directly, if you can please put your device on mute.

 8   That will limit the amount of feedback received on Zoom and will

 9   be better audio for the court reporter for this hearing.

10          As Her Honor stated before, Mr. Sonsa, if you wish to

11   speak with your attorney privately at all during this

12   proceeding, if you're not in the same facility where he's at, I

13   don't know if it's convenient or not for you, but if it's not,

14   the Zoom platform permits me to put you in a private breakout

15   room.  If you wish to speak with your attorney privately during

16   this proceeding, just let the judge know and I can put you in

17   that private breakout room to speak with your attorney without

18   the rest of us present.

19          Do you understand that, Mr. Sosna?

20          THE DEFENDANT:  Yes, I do.

21          THE COURT:  We are convened today for proceeding for a

22   waiver of indictment and the entry of a guilty plea in the

23   United States of America vs. Harold Sosna at Criminal

24   No. 20-305.

25          Presently, we have with us the Assistant United States
```

1   Attorneys Jeffrey Bengel and Robert Cessar.

2          We have defense counsel, Herbert Haas.

3          We have the United States Probation Services Officers

4   Philip Spicuzza and Damon Neal.

5          We also have FBI Agent Williamson.

6          We have my courtroom deputy, Jamille Biggs;

7          My law clerk, Brad Linsenmeyer;

8          Our court reporter, Sharon Siatkowski;

9          And myself, Judge Horan.

10          There's no one else present on this proceeding, and we

11   are about to begin.

12          Mr. Sosna, I am informed that you wish to waive your

13   right to indictment by grand jury and that you wish to plead

14   guilty to Count 1 of the information at Criminal No. 20-305.

15          Before we proceed with your waiver and change of plea

16   today, I want to acknowledge that we are proceeding by way of

17   videoconference.  Your attorney, Mr. Haas, and the AUSA,

18   Mr. Bengel and Mr. Cessar, have each agreed and are

19   participating by video link.  We are all present by video link,

20   as I indicated.

21          We are convened in this proceeding by virtue of the

22   necessity brought about by the COVID-19 pandemic and the

23   administrative order of court that has been entered by our chief

24   judge in this district authorizing the acceptance of a change of

25   plea, such as this, by way of videoconference.

1              At this point in time, Ms. Biggs, would you please

2  administer the oath to Mr. Sosna?

3              (Administration of oath.)

4              THE COURT:  Mr. Sosna, do you understand that having

5  declared to tell the truth, your answers to my questions are

6  subject to the penalties of perjury or of making false

7  statements if you do not answer truthfully?

8              THE DEFENDANT:  I do, Your Honor.

9              THE COURT:  And do you understand that today we are

10  proceeding with your change of plea proceeding by way of video

11  and do you consent to that?

12              THE DEFENDANT:  I do, Your Honor.

13              THE COURT:  And since this matter involves a waiver of

14  indictment and a change of plea for a felony offense, I am

15  required to determine the existence of specific reasons that

16  this waiver and plea cannot be further delayed without serious

17  harm to the interests of justice.  I acknowledge that timely

18  processing of cases that are ready to move forward towards

19  resolution will further the interests of justice and reduce

20  undue burdens upon the Court and the criminal justice system

21  during this pandemic circumstance.  Defendants and the public

22  are well-served to move forward towards timely disposition of

23  each case.  Therefore, given the disruption in criminal and

24  civil case processing and the building backlog of cases during

25  the COVID-19 pandemic, this matter, which is presently ready to

1  move forward, cannot be further delayed without serious harm to

2  the interests of justice.

3          Counsel, are there any other reasons that you wish to

4  put on record to support moving forward by way of video at this

5  time?

6          Mr. Haas?

7          MR. HAAS:  We're good, Judge.  Thank you.

8          THE COURT:  The Government?

9          MR. CESSAR:  The Government, no reason whatsoever,

10 Your Honor.

11         THE COURT:  Okay.  Mr. Sosna, due to this proceeding

12 being conducted by videoconference, you should have been

13 presented with forms by your attorney to sign in advance of

14 today and those have been relayed to the Court; is that correct?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  And at some point during this proceeding,

17 at appropriate points in time, I will be asking for your consent

18 that those forms can be filed with the Court's record during the

19 course of this proceeding.

20         Are you willing to do that?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Very well.

23         Now, Mr. Sosna, you have the right to request that

24 this change of plea proceeding be continued until a later date

25 when circumstances could permit your physical presence in court

1   for that purpose.  Do you understand that?

2             THE DEFENDANT:  Yes, Your Honor, I do.

3             THE COURT:  Do you today wish to proceed with your

4   change of plea?

5             THE DEFENDANT:  Yes, Your Honor, I do.

6             THE COURT:  You have -- I do find that the interests

7   of justice support the Court proceeding today by way of

8   videoconference and that Mr. Sosna has consented to entering his

9   change of plea through this method of court appearance and

10  presentation.

11            Mr. Sosna, do you understand that having declared and

12  affirmed to tell the truth, especially in relation to waiving

13  your indictment, the answers to your questions must be truthful?

14  Do you understand that?

15            THE DEFENDANT:  I do, Your Honor.

16            THE COURT:  My understanding is that you wish to waive

17  your right to indictment by a grand jury and to plead guilty to

18  bank fraud in violation 18 U.S.C. Section 1344(1); is that

19  correct?

20            THE DEFENDANT:  Yes, Your Honor.

21            THE COURT:  Before accepting your waiver of indictment

22  and guilty plea, there are a number of questions I will be

23  asking you to assure that your waiver and plea are valid.  If

24  you do not hear or understand any of my questions, please tell

25  me, and I will repeat the questions and further explain it to

1  you; or you can consult with your attorney privately if you have

2  need.  I give you these instructions because it is essential to

3  a valid plea and waiver that you understand each question before

4  you answer.

5           Mr. Sosna, can you please state your full name?

6           THE DEFENDANT:  Harold Joe Sosna.

7           THE COURT:  And how old are you, sir?

8           THE DEFENDANT:  Sixty-seven.

9           THE COURT:  And how far did you go in school?

10          THE DEFENDANT:  I have a bachelor's degree in science.

11          THE COURT:  And are you able to read, write, and

12  understand the English language?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  And have you been able to communicate with

15  your attorney, Mr. Haas, without any difficulty?

16          THE DEFENDANT:  I have, Your Honor.

17          THE COURT:  And Mr. Haas, have you been able to

18  communicate with Mr. Sosna without any difficulty?

19          MR. HAAS:  Yes, Your Honor.

20          THE COURT:  Mr. Sosna, have you taken any prescribed

21  or nonprescribed drugs or consumed any alcoholic beverages

22  within the past 24 hours?

23          THE DEFENDANT:  No, Your Honor.  Well --

24          THE COURT:  Are you now --

25          THE DEFENDANT:  I'm sorry.  I took my regular meds

1    last night and this morning.

2            THE COURT:  I was just about to go there.  What

3    medication have you taken?

4            THE DEFENDANT:  I should have brought a list with me.

5    I don't recall them all by name, but there are -- there's a

6    medication named Jardiance, which is used for maintaining my

7    blood sugar.

8            There are a couple of medications that I began taking

9    for anxiety while I was still working and the pressure was on me

10   every single day.  I am not feeling that sense of anxiety any

11   longer.

12           I take a baby aspirin.

13           I take a medication, a statin, in order to keep my

14   cholesterol under control, which is -- which the medication is

15   working just fine.

16           I take a medication for heartburn.  I take it at

17   night.  I don't always have the heartburn, but it can get severe

18   sometimes.  So the medication controls that.

19           Really, that's about all I can think of right now that

20   I take.

21           THE COURT:  Okay.  And Mr. Sosna, from your

22   observation, do any of those medications impair your ability to

23   understand or think or appreciate what's going on?

24           THE DEFENDANT:  No, Your Honor.

25           THE COURT:  I understand you are probably under the

1    care of a physician for all of those medications and for the

2    conditions you've told me.  But other than those medications and

3    conditions we talked about, are you now, or have you recently

4    been, under the care of a physician, including a psychiatrist,

5    or a psychologist, or have you seen a therapist, social worker,

6    or drug counselor for any other purpose?

7                THE DEFENDANT:  No, Your Honor.

8                THE COURT:  Are you now, or have you recently been,

9    hospitalized or treated for any narcotic or drug abuse or other

10   addiction?

11               THE DEFENDANT:  No, Your Honor.

12               THE COURT:  Do you understand what we're doing today,

13   Mr. Sosna?

14               THE DEFENDANT:  I believe so, Your Honor, yes.

15               THE COURT:  Mr. Bengel, Mr. Cessar, do you have any

16   doubt as to Mr. Sosna's competence to participate in this

17   hearing, or to waive his right to an indictment and plead guilty

18   at this time?

19               MR. CESSAR:  No, Your Honor.

20               MR. BENGEL:  No, Your Honor.

21               THE COURT:  Mr. Haas, do you have any doubt as to

22   Mr. Sosna's competence to participate in this hearing, to waive

23   his right to an indictment or to plead guilty at this time?

24               MR. HAAS:  Judge, I'm going to give you a long answer.

25   Mr. Sosna and I have met dozens of times -- myself, his other

1  counsel, Mr. Statman -- and in probably 20-plus hours, he's

2  actually always displayed a firm command of the situation;

3  always been responsive; always thoughtful; always polite.  And I

4  firmly believe he knows what he's doing going forward with this

5  information.

6          THE COURT:  Very well.  I do therefore find,

7  Mr. Sosna, that you are competent to participate in today's

8  proceeding, to waive your indictment if you would like to do so,

9  and to enter a plea of guilty if you would like to do so.

10          As regard to your waiver of an indictment, Mr. Sosna,

11  have you had enough opportunity and time to discuss your case

12  with Mr. Haas?

13          THE DEFENDANT:  I have, Your Honor.

14          THE COURT:  And has he answered all of your questions

15  to your satisfaction?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  And are you satisfied with his advice and

18  representation?

19          THE DEFENDANT:  Yes, Your Honor, I am.

20          THE COURT:  And have you received a copy of the

21  charges that are filed against you?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  Have you and your attorney discussed those

24  charges in the information at Criminal No. 20-305?

25          THE DEFENDANT:  Yes, we have.

```
1              THE COURT:  And do you fully understand those charges?

2              THE DEFENDANT:  I do, Your Honor.

3              THE COURT:  And do you understand that in the

4    information filed at Criminal No. 20-305, you are charged with a

5    felony, namely, at Count 1, bank fraud?

6              In addition, the Government seeks forfeiture of a sum

7    of money equal to $59,240,000 as a result of your commission of

8    Count 1 and pursuant to Title 18, United States Code,

9    Section 982(a)(2).

10             Do you understand that, sir?

11             THE DEFENDANT:  Yes, I do, Your Honor.

12             THE COURT:  And do you have any questions about the

13   crime charged against you in the information?

14             THE DEFENDANT:  No, ma'am.

15             THE COURT:  Mr. Sosna, unless you waive your right to

16   an indictment, you may not be charged with a felony unless a

17   grand jury finds by return of an indictment that there is a

18   probable cause to believe that a crime has been committed and

19   that you committed it.  If you do not waive your right to an

20   indictment, the Government may present the case against you to a

21   grand jury and request the grand jury to indict you.  A grand

22   jury is composed of at least 16 and not more than 23 persons.

23   At least 12 grand jurors must find that there is probable cause

24   to believe you committed the crime with which you are charged

25   before you may be indicted.  The grand jury may or may not
```

1    indict you for this or some other offense.  If you waive your

2    right to an indictment by the grand jury, this case will proceed

3    against you on the United States Attorney's information just as

4    though you have been indicted.

5            Do you understand that?

6            THE DEFENDANT:  I do, Your Honor.

7            THE COURT:  And have you discussed the matter of

8    waiving your right to an indictment by a grand jury with your

9    counsel?

10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  Do you understand your right to be

12   indicted by a grand jury?

13           THE DEFENDANT:  I do, Your Honor.

14           THE COURT:  And has anyone made a threat to you or

15   anyone else that has forced you in any way to waive your

16   indictment?

17           THE DEFENDANT:  No, Your Honor.

18           THE COURT:  Do you understand that you would have the

19   right to plead not guilty to the charges contained in an

20   indictment against you and that you are waiving your right to

21   enter such a plea of not guilty to an indictment?

22           THE DEFENDANT:  I do, Your Honor.

23           THE COURT:  And do you wish today, at this time, to

24   waive your right to indictment by a grand jury?

25           THE DEFENDANT:  I do, Your Honor.

1      THE COURT:  Mr. Haas, do you know of any reason why

2  the Defendant should not waive his right to indictment?

3      MR. HAAS:  No reason not to waive his right, Your

4  Honor.

5      THE COURT:  And Mr. Sosna, previous to today, you did

6  sign a waiver of indictment form and that has been relayed to

7  our court; is that correct?

8      THE DEFENDANT:  Yes, ma'am.

9      THE COURT:  And do you consent to the submission of

10  that form into the record today?

11      THE DEFENDANT:  I do, Your Honor.

12      THE COURT:  I therefore find that you, Mr. Sosna,

13  understand your right to a grand jury, and you have knowingly,

14  intelligently, and voluntarily given up that right as to the

15  offense charged in the information.

16      Mr. Sosna, at this point in time, we are going to

17  shift to the entry of a change of plea relative to Count 1 of

18  the information at 20-305.

19      Before accepting your guilty plea, there are a number

20  of questions I will be asking to assure that your plea is valid.

21  As before, if you do not understand any of my questions, please

22  tell me and I will further explain the question to you.  Or, if

23  at any time you wish to consult with your attorney, please tell

24  me, and I will provide you with time to consult privately.  I

25  give you these instructions because it is essential to a valid

1  plea that you understand each question before you answer.

2          Mr. Sosna, have you been furnished with a copy of the

3  information detailing the charges at Count 1 against you?

4          THE DEFENDANT:  I have, Your Honor.

5          THE COURT:  And have you had an opportunity to read

6  that entire information or have it read to you?

7          THE DEFENDANT:  I have, Your Honor.

8          THE COURT:  And have you discussed with your attorney

9  the charges in the information to which you intend to plead

10  guilty?

11          THE DEFENDANT:  Yes, ma'am.

12          THE COURT:  And do you understand the charge against

13  you?

14          THE DEFENDANT:  I do, Your Honor.

15          THE COURT:  At Count 1 of the information, bank fraud,

16  you are charged that, from on or about May 15, 2020, to on or

17  about May 18, 2020, in the Western District of Pennsylvania and

18  elsewhere, you did knowingly execute and attempt to execute a

19  material scheme and artifice to defraud financial institutions,

20  including S&T Bank and First Financial Bank, and therefore

21  fraudulently obtain money and funds owed by and under the

22  custody and control of these financial institutions in violation

23  of Title 18, United States Code, Section 1344(1).

24          Do you understand the nature of this charge?

25          THE DEFENDANT:  I do, Your Honor.

```
 1              THE COURT:  Do you have any questions at this time
 2   about it?
 3              THE DEFENDANT:  No, I don't.
 4              THE COURT:  Mr. Sonsa, I'm now going to inform you
 5   about important constitutional rights and protections to which
 6   you are entitled if you were to proceed to trial but that you
 7   will be giving up by pleading guilty today.
 8              If you were to plead not guilty, you would have the
 9   right to be assisted by an attorney at the trial of this charge.
10   Do you understand that?
11              THE DEFENDANT:  I do, Your Honor.
12              THE COURT:  And if you qualified financially, you are
13   entitled to be assisted by an attorney, at no cost to you, at
14   all phases of the processing of this charge against you.  Do you
15   understand that?
16              THE DEFENDANT:  Yes, Your Honor.
17              THE COURT:  Under the Constitution and the laws of the
18   United States, you are entitled to a speedy trial by a judge and
19   a jury.  Do you understand that?
20              THE DEFENDANT:  Yes, Your Honor, I do.
21              THE COURT:  At the trial, you would be presumed
22   innocent.  You would not have to prove that you were innocent at
23   trial; instead, the Government would be required to prove your
24   guilt by competent evidence and beyond a reasonable doubt before
25   you could be found guilty.  Do you understand that?
```

1          THE DEFENDANT:  I do, Your Honor.

2          THE COURT:  At the trial, the jury must be unanimous

3  in order to find you guilty on the charge against you.  That

4  means all 12 jurors must agree upon their decision.  Do you

5  understand that?

6          THE DEFENDANT:  I do understand that, Your Honor.

7          THE COURT:  At the trial you would have the right to

8  participate in the selection of the jury and you would have the

9  right to strike or eliminate any prospective juror if it was

10  demonstrated that that juror was unable to render a fair and

11  impartial verdict and, in addition, you would have the right to

12  strike ten jurors without assigning any reason at all.  Do you

13  understand that?

14          THE DEFENDANT:  I do.

15          THE COURT:  In the course of the trial, the witnesses

16  for the Government would have to come to court and testify in

17  your presence.  Do you understand that?

18          THE DEFENDANT:  I do.

19          THE COURT:  And in course of the trial, your attorney

20  can cross-examine the witnesses for the Government, object to

21  evidence offered by the Government, and offer evidence on your

22  behalf.  Do you understand that?

23          THE DEFENDANT:  I do, Your Honor.

24          THE COURT:  In the course of the trial, if you qualify

25  as being financially unable to pay witness fees to witnesses you

1  wish to call on your behalf, the Government would pay those

2  witness fees.  Do you understand that?

3          THE DEFENDANT:  I do.

4          THE COURT:  At trial, you would have the right to

5  testify if you chose to do so.  In addition, you would also have

6  the right not to testify and no inference or suggestion of guilt

7  could be drawn from the fact that you did not testify.  Do you

8  understand that?

9          THE DEFENDANT:  Yes, ma'am.

10         THE COURT:  If you plead guilty and I accept your

11 plea, you will waive your right to a trial and the other rights

12 I have just discussed, there will be no trial, and I will enter

13 a judgment of guilt and sentence you on the basis of your guilty

14 plea after considering a presentence report, unless the

15 requirement of a presentence report is waived.  Do you

16 understand that?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  Further, if you plead guilty, you will

19 also have to waive your right to not incriminate yourself, since

20 I may ask you questions today about what you did in order to

21 satisfy myself that you are guilty as charged and you will have

22 to acknowledge your guilt on the record today.  Do you

23 understand that?

24         THE DEFENDANT:  I do, Your Honor.

25         THE COURT:  Having discussed these rights with you, do

1  you still wish to plead guilty?

2  THE DEFENDANT:  I do, Your Honor.

3  THE COURT:  There is a plea agreement dated August 17,

4  2020.  Mr. Sosna, you should understand that I may or may not

5  approve this plea agreement.  You have a duty to disclose any

6  plea agreement that you have received.  If you do not disclose

7  any other plea agreement now, you may not later assert the

8  existence of any other plea negotiation or agreement.

9  Mr. Bengel or Mr. Cessar, we will discuss the

10  August 17, 2020, plea agreement in a moment; but, other than

11  that August 17, 2020, plea agreement, did the Government tender

12  to Mr. Haas any other formal plea agreement for Mr. Sosna?

13  MR. CESSAR:  No, Your Honor.

14  THE COURT:  And Mr. Haas, other than the August 17,

15  2020, plea offer, did you receive any other formal plea

16  agreement offer from the Government that you did not

17  communicate?

18  MR. HAAS:  That is the only plea agreement that we've

19  ever received in this case and shared.

20  THE COURT:  Thank you.

21  Mr. Bengel or Mr. Cessar, now as regards the plea

22  agreement for which a plea is being entered today, will you

23  please review the terms of the plea agreement dated August 17,

24  2020, for the Court and for the Defendant?

25  MR. CESSAR:  Yes, Your Honor.  The relevant parts of

1    the plea agreement letter are as follows:

2            Mr. Sosna agrees to waive prosecution by indictment

3    and enter a guilty plea to Count 1 of an information charging a

4    violation of bank fraud, in violation of 18, United States Code,

5    Section 1344(1).

6            He agrees to pay mandatory restitution.

7            He agrees that restitution and other financial

8    obligations imposed by the Court are due and payable immediately

9    after judgment's entered, and is subject to immediate

10   enforcement, in full, by the United States.

11          He agrees to provide all information regarding his

12   income, assets, and financial status, and that of his household,

13   and it can be in the form of a sworn financial statement.

14          He agrees to forfeit to the United States, pursuant to

15   18 U.S.C. 982(a)(2), the sum of money equal to $59,240,000,

16   acknowledges that amount constitutes proceeds that he obtained

17   from his bank fraud.

18          At the time of his guilty plea he will enter a

19   deposit, a special assessment, of $100 with the District Court.

20          He waives any former jeopardy or double jeopardy

21   claims he may have in or as a result of any related civil or

22   administrative proceeding.

23          Now, paragraph (a)(8) includes the appellate waiver

24   rights.  I assume you're going to go over those with him?

25          THE COURT:  Yes.

```
1              MR. CESSAR:  So it's okay if I don't repeat them?

2              THE COURT:  That's fine.  I will be going over those.

3              MR. CESSAR:  Thank you.

4         The United States retains the right of allocution at

5    sentencing.  We agree to recommend a three-level adjustment

6    for -- downward adjustment for acceptance of responsibility.

7    And the United States will take any position appropriate in the

8    course of any appeal.

9         The subsection C of the plea agreement sets forth the

10   maximum penalties.  And again, I assume you're going to go over

11   those, Your Honor?  With your permission, I will not go over

12   them again.

13             THE COURT:  That's fine.

14             THE CLERK:  Mr. Cessar --

15             MR. CESSAR:  The parties stipulate --

16             THE COURT:  -- one second.

17             THE CLERK:  I'm missing Mr. Haas.

18             THE COURT:  Mr. Haas is here.  Oh, wait.  No, Mr. Haas

19   isn't here.

20             MR. HAAS:  I apologize.  I was trying to get back on

21   and it didn't work.  I can hear everything that's going on

22   because Mr. Sosna and I are together.

23             THE COURT:  Okay.

24             MR. HAAS:  Sorry about that.  I'm back.

25             THE CLERK:  Mr. Haas, can you hear?
```

```
 1              MR. HAAS:  I can hear you.  Can you hear me?

 2              THE CLERK:  Yes.

 3              Your Honor, is it okay for Mr. Cessar to continue

 4    then?

 5              THE COURT:  Proceed, Mr. Cessar.

 6              MR. HAAS:  I apologize.

 7              THE COURT:  That's okay.

 8              MR. CESSAR:  Your Honor, the last paragraph I'd like

 9    to talk about are the stipulations as to fraud loss under

10    guideline section 2B1.1.  And the parties agree that the fraud

11    loss is $59,240,000, and the stipulation represents the parties'

12    understanding on the basis of the information available as of

13    the date of this agreement.

14              And then finally, Your Honor, the last paragraph,

15    there's a sealed supplement filed with the letter.

16              And that in sum and substance are the saline portions,

17    absent what you're going to go over with Mr. Sosna as to

18    appellate rights and maximum penalties.

19              MR. HAAS:  Judge, may I interrupt a second?  We

20    received something from your office asking our office to take a

21    picture of Mr. Sosna.  My office wanted to take care of that

22    real quick.

23              MR. SPICUZZA:  Your Honor, that was from the probation

24    office.  That can be done after the hearing.  It was just to

25    make sure it gets done today.
```

```
 1                    MR. HAAS:  I'm sorry.

 2                    MR. SPICUZZA:  It's okay.

 3                    (Sidebar conference held.)

 4                    (Sidebar conference concluded.)

 5                    (In open court:)

 6                    THE COURT:  Mr. Haas, do you agree that the terms of

 7   the plea agreement have been correctly stated?

 8                    MR. HAAS:  Yes, Your Honor.

 9                    THE COURT:  Mr. Sosna, you've heard the terms of the

10   plea agreement as reviewed for you by the Assistant United

11   States Attorney.  Do you agree with those terms?

12                    THE DEFENDANT:  I do.

13                    THE COURT:  Mr. Haas, do you have anything else to

14   add?

15                    MR. HAAS:  No, Judge, thank you.

16                    THE COURT:  Mr. Sosna, do you have a copy of the plea

17   agreement dated August 17, 2020?

18                    THE DEFENDANT:  I do.

19                    THE COURT:  And have you fully reviewed that plea

20   agreement for yourself and also with legal counsel?

21                    THE DEFENDANT:  I have, Your Honor.

22                    THE COURT:  Do you have any questions whatsoever about

23   it today?

24                    THE DEFENDANT:  No, Your Honor.

25                    THE COURT:  And have all of your questions been
```

1     answered to your satisfaction?

2           THE DEFENDANT:  Yes, Your Honor.

3           THE COURT:  Now, Mr. Sosna, prior to today, you have

4     signed the last page of the plea agreement letter.  And do you

5     acknowledge that you did sign that letter?

6           THE DEFENDANT:  Yes, I do, Judge.

7           THE COURT:  And do you agree to have that letter

8     submitted and received by the Court for the record?

9           THE DEFENDANT:  Yes, Judge.

10           THE COURT:  Mr. Sosna, do you understand that

11     generally you or the Government would have the right to appeal

12     any sentence that this Court may impose but that pursuant to the

13     plea agreement, you are giving up your right to appeal both the

14     validity of your plea and the legality of your sentence?

15           THE DEFENDANT:  I do, Your Honor.

16           THE COURT:  There are only three limited exceptions,

17     spelled out in the plea agreement, when you will be permitted to

18     appeal your sentence.  Those exceptions, which will permit you

19     to appeal your sentence, are:

20           First, if the United States files an appeal from the

21     sentence; or

22           Second, if the sentence exceeds the applicable

23     statutory limits set forth in the United States Code; or

24           Third, the sentence unreasonably exceeds the

25     applicable advisory guideline range under the United States

1    Sentencing Guidelines.

2              Do you understand that pursuant to the plea agreement,

3    you are waiving your right to file a motion to vacate your

4    sentence under Title 28, United States Code, Section 2255, and

5    that you will thus not be able to attack your conviction or

6    sentence or file any other collateral proceeding to attack your

7    conviction or sentence?  Do you understand that, sir?

8              THE DEFENDANT:  I do, Judge.

9              THE COURT:  In that your plea agreement contains a

10   waiver of appellate rights, you need to be aware that this

11   waiver may affect any rights you may have to subsequently

12   request any change or modification of your supervised release,

13   either in regards to your time of supervised release or of your

14   conditions of supervised release, do you understand that?

15             THE DEFENDANT:  Yes, I do, Judge.

16             THE COURT:  Do you understand that your plea agreement

17   also provides that:  nothing in the forgoing waivers of rights

18   shall preclude you from raising a claim of ineffective

19   assistance of counsel in the appropriate forum, if otherwise

20   permitted by law.  By that, you do retain your right to claim

21   any claim for ineffective assistance of counsel.  Do you

22   understand that?

23             THE DEFENDANT:  Yes, Judge.

24             THE COURT:  And in that circumstance, the Government

25   also retains its right to oppose any claim relative to

1    ineffective assistance of counsel on procedural or substantive

2    grounds.  Do you understand that?

3              THE DEFENDANT:  I do, Your Honor.

4              THE COURT:  In summary, you have not waived your right

5    to pursue an ineffective assistance of counsel claim and the

6    Government retains its right to respond to any such claim in the

7    manner it deems appropriate.

8              Based upon these provisions, you will have limited

9    appellate rights and collateral attack.  Have you reviewed

10   appeal rights in detail with counsel?

11             THE DEFENDANT:  I have, Your Honor.

12             THE COURT:  I must advise you, Mr. Sosna, that you

13   have no right to withdraw your guilty plea if I do not follow

14   the stipulated terms, recommendations, or requests contained in

15   the plea agreement.  Do you understand that?

16             THE DEFENDANT:  I do, Judge.

17             THE COURT:  I therefore accept the plea agreement, and

18   will tender it to the deputy clerk, who will file it with the

19   Court's record.

20             Now, Mr. Sosna, possible sentences that may result

21   from this plea, you should know that the maximum sentence and

22   penalties which may be imposed upon you under Count 1 of the

23   information are as follows:

24             A term of imprisonment of not more than 30 years;

25             A fine of not more than the greater of $1 million, or

 1  an alternative fine in an amount not more than the greater of

 2  twice the gross pecuniary gain to any person, or twice the

 3  pecuniary loss to any person other than you, unless the

 4  imposition of this alternative fine would unduly complicate or

 5  prolong the sentencing process;

 6          A term of supervised release of not more than five

 7  years;

 8          And any or all of the above;

 9          Do you understand that, sir?

10          THE DEFENDANT:  I do, Your Honor.

11          THE COURT:  You are also subject to a mandatory

12  special assessment of $100 as to each count upon which you are

13  convicted, which in this case would total $100.

14          There is also a forfeiture applicable in this case,

15  and the forfeiture of property that's identified in the

16  information will be ordered in the sum of $59,240,000.  Do you

17  understand that?

18          THE DEFENDANT:  I do, Your Honor.

19          THE COURT:  Restitution is also at issue in this case,

20  in that you are subject to mandatory restitution under the

21  Victim-Witness Protection Act.  Do you understand that?

22          THE DEFENDANT:  Yes, ma'am.

23          THE COURT:  Mr. Sosna, if you are sentenced to prison

24  followed by a term of supervised release, and if you violate the

25  terms of that supervised release, I can take the following

1  actions:

2           I may extend the term of supervised release if the

3  term previously imposed was less than the maximum authorized

4  term of supervised release;

5           I may modify, reduce, or enlarge the conditions of

6  supervised release;

7           I may revoke the term of supervised release and you

8  may be imprisoned up to all or part of the term of supervised

9  release that was originally authorized for the offense that

10  resulted in your sentence.  In that case, there would be no

11  credit for time you had previously served on supervised release;

12  or

13           I can also impose a combination of imprisonment

14  followed by a term of supervised release so long as the

15  combination does not exceed the original authorized term of

16  supervised release.

17           Do you understand these consequences, sir?

18           THE DEFENDANT:  Yes, Judge, I do.

19           THE COURT:  Do you understand that a sentencing judge

20  is required to consider the applicable guideline range in

21  determining a sentence, but the judge possesses broad discretion

22  to sentence based on the circumstances of each case, so long as

23  the sentence imposed is within the statutory range and is

24  reasonable?  Do you understand that?

25           THE DEFENDANT:  I do.

```
1              THE COURT:  Also, because the Sentencing Guidelines
2    are only advisory, a court may, for good reason shown, impose a
3    sentence outside the recommended guideline range but within the
4    applicable statutory minimum and/or maximum penalties.  Do you
5    understand that?
6              THE DEFENDANT:  I do.
7              THE COURT:  Under the Sentencing Reform Act of 1984,
8    parole has been abolished, and if you are sentenced to prison,
9    you will not be eligible for parole as to that count.  Do you
10   understand that?
11             THE DEFENDANT:  I do, Your Honor.
12             THE COURT:  Mr. Sosna, have you and your attorney,
13   Mr. Haas, discussed how the guidelines might apply in your case?
14             THE DEFENDANT:  We have, Your Honor.
15             THE COURT:  Mr. Haas, is that correct?
16             MR. HAAS:  That's accurate, Judge.
17             THE COURT:  Mr. Sosna, I will not be able to determine
18   the advisory guidelines for your case until after a Presentence
19   Investigation Report has been completed and you and the
20   Government have had an opportunity to challenge the facts
21   reported by the probation officer.
22             Mr. Bengel or Mr. Cessar, what's the Government's
23   position as to the applicable guideline sentencing range in this
24   case?
25             MR. CESSAR:  Yes, Your Honor.  The sentencing is
```

 1  determined by the amount of fraud loss under guideline section

 2  2B1.1.  And the rough estimate, after acceptance of

 3  responsibility -- one second, Your Honor -- the guideline level

 4  will be a Level 26 with 63 to 78 months' imprisonment.

 5           MR. HAAS:  Your Honor, I apologize.  Counsel is moving

 6  and part of that was difficult to hear.

 7           MR. CESSAR:  I apologize.  I'll repeat it.

 8           MR. HAAS:  Thank you, so much.

 9           THE COURT:  Yes, please.

10           MR. CESSAR:  Under the Sentencing Guidelines, the

11  sentence is driven by the fraud loss under the guidelines table

12  at U.S. Sentencing Guideline Section 2B1.1.  After acceptance of

13  responsibility, the three-level reduction under guideline

14  section 3E1.1, the Defendant's offense level will be a 26, which

15  is Category 1 Criminal History, would be 63 to 78 months'

16  imprisonment.

17           MR. HAAS:  Thank you very much.

18           THE COURT:  And will the Government seek any

19  enhancements?

20           MR. CESSAR:  Judge, I don't believe so, no.

21           THE COURT:  Mr. Haas, what is the Defendant's position

22  as to the applicable guidelines in this case?

23           MR. HAAS:  Judge, I may give you the long answer.  My

24  client and I have had this discussion.  The numbers listed from

25  the Government are the numbers the Government and I discussed in

1    reviewing the guidelines.  The applicable lack of Criminal

2    History and, of course, we are all relying upon a brief look at

3    my client's history and we're all convinced that there is no

4    Criminal History.  So, we are relying on the extensive

5    conversations with the Government and myself and with Mr. Sosna

6    as well as Mr. Statman, who is a Ohio licensed attorney with a

7    great deal of experience.  Judge, we're comfortable with those

8    numbers.

9         THE COURT:  Very well.

10        Mr. Sosna, do you understand that I'm not bound by any

11   estimate or recommendation of sentence that your attorney or the

12   Government has made or as to their initial assessment of the

13   Sentencing Guidelines?  Do you understand that, sir?

14        THE DEFENDANT:  I do, Judge.

15        THE COURT:  Mr. Bengel and Mr. Cessar, what are the

16   elements of the offense to which Mr. Sosna is pleading guilty?

17        MR. CESSAR:  Yes, Your Honor.  For violation at

18   Count 1 as to bank fraud, violation 18 U.S.C. Section 1344(1),

19   the Government must establish beyond a reasonable doubt the

20   following elements:

21        One, that Mr. Sosna knowingly executed a scheme or

22   artifice to defraud S&T Bank and First Financial Bank, or

23   knowingly executed a scheme to take the money, funds, or other

24   property owned by either financial institution by means of

25   material false or fraudulent pretenses, representations, or

1    promises.

2           Two, that Mr. Sosna did so with the intent to defraud

3    S&T Bank and First Financial.

4           And three, that S&T Bank and First Financial were

5    either insured by the Federal Deposit Insurance Corporation or

6    were chartered by the United States.

7           THE COURT:  Mr. Sosna, do you understand that if you

8    chose to go to trial, the Government would have been required to

9    prove each element of that offense charged beyond a reasonable

10   doubt in order to prove you guilty?  Do you understand that,

11   sir?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  Mr. Cessar, what in summary is the

14   Government's evidence as to this charge?

15          MR. CESSAR:  Thank you, Your Honor.  If the Government

16   were to proceed to trial in this case, the evidence would

17   consist of witness testimony, subpoenaed documents, which

18   include bank deposit records, analysis of those records, and

19   statements by the Defendant.

20          And as you can see from Mr. Sosna's demeanor today, he

21   has very rightly talked to us, accepted what he's done, and has

22   provided facts to us.  And I wanted the Court to know that he's

23   atypical from most other white-collar defendants.

24          S&T Bank, which was located in Indiana, PA, was a

25   banking institution; the deposits of which were insured by the

1  Federal Deposit Insurance Corporation.  First Financial was

2  located in Cincinnati, Ohio, and was also a banking institution;

3  the deposits of which was insured by the Federal Deposit

4  Insurance Corporation.

5          Mr. Sosna is the president of an entity called Premier

6  Healthcare Management.  That is located in Blue Ash, Ohio.  He

7  currently owns and operates eight nursing care facilities in

8  South and Central Ohio.  The company provides in-facility, post-

9  acute, and long term-care facilities as well as assisted living.

10 Each facility has a limited liability corporation that owns a

11 building in real estate.  That limited liability corporation

12 would lease the property to an S-Corp that is granted a state

13 license to operate the care facility at that location.

14         All of these entities maintained various bank accounts

15 at S&T Bank and First Financial Bank.  This is what is

16 colloquially termed as a check kite.  It's a form of check fraud

17 which involves taking advantage of the float -- the time between

18 when a deposit item is presented and the actual receipt of

19 funds -- and it allows an individual to make use of nonexistent

20 funds in a checking or other bank account.  The purpose of the

21 check kite is to falsely inflate the balance of a checking

22 account in order to allow written checks that would otherwise

23 bounce for insufficient funds to clear.

24         From on or about May 15, 2020, to on or about May 18,

25 2020, Mr. Sosna engaged in a check kite with S&T and First

1  Financial Bank.  And Mr. Sosna wrote checks between various S&T

2  Bank and First Financial Bank accounts under his control for

3  Premier Healthcare Management in increasing dollar amounts, thus

4  engaged in check kiting.  This was done to manipulate the

5  numerical balance in the accounts and therefore created the

6  false and fraudulent appearance that the Defendant had

7  sufficient funds, legitimate funds, in various accounts, and to

8  trick the banks into honoring checks drawn against those

9  accounts, which in reality were insufficient funds.

10         Between May 15, 2020, to on or about May 18, 2020, the

11  Defendant, Mr. Sosna, had more than 118 million through

12  interstate facilities of banks, which were unfounded amounts and

13  were the equivalent of obtaining money from the banks, not

14  properly secured loans.  During that time period there was a

15  total of 203 checks during that approximate four-day period.

16         As with every check kite, whoever discovers the check

17  kite last takes a loss, and in this case it was S&T Bank which

18  incurred a loss for approximately $59,240,000.  In order to

19  recoup that loss, the Government has filed a forfeiture action

20  and the Government seeks forfeiture of a sum of money equal to

21  approximately $59,240,000 in U.S. currency.

22         It may have been longwinded but a check kite is hard

23  to understand.  That would be the sum and substance of the

24  Government's facts in this case.

25         THE COURT:  Okay.  Mr. Sosna, do you agree with the

1   prosecution's summary of what you did?

2           THE DEFENDANT:  Yes, Your Honor.

3           THE COURT:  Are there any additions or corrections you

4   wish to make to that summary?

5           THE DEFENDANT:  No, Your Honor.

6           Well, the number of facilities, it was not eight.  But

7   it's not really all that germane.

8           THE COURT:  Okay.  Thank you.

9           I do find that there's a factual basis to accept

10  Mr. Sosna's plea of guilty to the offense charged in Count 1 of

11  the information at 20-305.

12          Mr. Sosna, having been advised of all your rights, do

13  you still wish to plead guilty today?

14          THE DEFENDANT:  Yes, Judge.

15          THE COURT:  And Mr. Haas, is this consistent with your

16  advice?

17          MR. HAAS:  Yes, Your Honor.

18          THE COURT:  Mr. Sosna, do you understand that the

19  offense to which you are pleading guilty is a felony offense;

20  and if your plea is accepted, you will be adjudged guilty of

21  this offense; and that such adjudication may result in

22  consequences affecting your right to vote, your right to hold

23  public office, your right to serve on a jury, and your right to

24  possess any kind of firearm?

25          THE DEFENDANT:  I understand, Your Honor.

```
 1              THE COURT:  And if you were serving any probation or

 2    parole period for any other offense, your plea of guilty today

 3    could also detrimentally affect that.  Do you understand that?

 4              THE DEFENDANT:  I do, Your Honor.

 5              THE COURT:  Mr. Sosna --

 6              THE DEFENDANT:  I'm sorry.  There is nothing else.

 7              THE COURT:  I understand.

 8              Mr. Sosna, are you a United States citizen?

 9              THE DEFENDANT:  I am, Your Honor.

10              THE COURT:  Mr. Sosna, has anyone made any threat to

11    you or to anyone else that has forced you to plead guilty?

12              THE DEFENDANT:  No, Your Honor.

13              THE COURT:  Has anyone made any promise to you today

14    that has induced you to plead guilty?

15              THE DEFENDANT:  No, Your Honor.

16              THE COURT:  Has anyone made any prediction or promise

17    to you as to what your actual sentence will be other than to

18    tell you what the guidelines are and what the maximum sentence

19    can be?

20              THE DEFENDANT:  That's all I've been told, Judge.

21              THE COURT:  Have you been instructed by your attorney,

22    the attorney for the Government, or anyone else to respond

23    untruthfully to any questions we've asked today?

24              THE DEFENDANT:  No, Judge.

25              THE COURT:  Do you understand everything we have
```

1   discussed today?

2         THE DEFENDANT:  I do.

3         THE COURT:  And have you ever had any physical or

4   mental illness that might or would affect your ability to

5   understand your rights and the nature of your plea today?

6         THE DEFENDANT:  No, not at all.

7         THE COURT:  Are you satisfied in all respects with the

8   advice and representation from your attorney?

9         THE DEFENDANT:  I am, Judge.

10        THE COURT:  Mr. Sosna, you are charged by way of

11  information at Criminal No. 20-305 Count 1 with bank fraud.

12        How do you plead to this charge?

13        THE DEFENDANT:  I plead guilty, Your Honor.

14        THE COURT:  And Mr. Sosna, since you are competent,

15  since you know and understand your right to a trial and the

16  consequences of waiving that right, since you know the maximum

17  possibility penalties, and since you are voluntarily pleading

18  guilty, I, the Court, accept your guilty plea, find you guilty

19  of the offense for which you are pleading, and we will enter a

20  judgment of guilty on your plea.

21        Now, you have previously signed the change of plea

22  form; is that correct?

23        THE DEFENDANT:  Yes, Judge.

24        THE COURT:  And do you authorize that change of plea

25  form that you have signed to be filed of record today?

1            THE DEFENDANT:  Yes, Judge.

2            THE COURT:  Okay.  Now, has Probation begun preparing

3    a Presentence Investigation Report?

4            MR. NEAL:  I believe so.  I can double-check for you

5    real fast, though.

6            THE COURT:  If it's not and if it will shortly be

7    undertaken, Mr. Sosna, but the Presentence Investigation Report

8    will be important to me in my decision as to what your sentence

9    will be.  You and your attorney will have the opportunity to

10   examine that report.  At the time of sentencing, you'll have a

11   right and opportunity to present information to me concerning

12   matters in the report about what you disagree.  Do you

13   understand that?

14           THE DEFENDANT:  Yes, Judge.

15           THE COURT:  We do need to set a sentencing date.

16   Ms. Biggs, do we have a sentencing date?

17           THE CLERK:  Yes, Your Honor.  February 9th of 2021 at

18   10:00 a.m.

19           MR. HAAS:  Judge --

20           THE COURT:  I'm sorry, I missed the time.

21           THE CLERK:  10:00 a.m.

22           THE COURT:  10:00 a.m.  So the date for sentencing

23   will be February 9, 2021, at 10:00 a.m.

24           MR. HAAS:  Judge, may I interrupt?  This is Mr. Haas.

25           THE COURT:  Yes.

```
1              MR. HAAS:  That is a planned out of the country --
2    it's my wife's 70th birthday on the 6th of February, and I don't
3    want to disappoint her.
4              THE COURT:  I understand.  When will you be back and
5    available?
6              MR. HAAS:  After the 15th, Judge.
7              THE COURT:  Ms. Biggs, can we get a different date?
8              THE CLERK:  Yes, Your Honor.  Thursday, February 18th,
9    at 9:30 A.M.
10             THE COURT:  Okay.  The sentencing date is February 18,
11   2021, 9:30 a.m.
12             I will also be ordering the probation office to
13   provide me with a copy of the Presentence Investigation Report
14   as well.
15             As to you release or detention pending sentencing,
16   Mr. Sosna, I note that bond needs to be addressed today.  And we
17   have just, today, received a report from the pretrial
18   supervision office concerning bond.
19             Does the Government have a position on bond at this
20   time?
21             MR. CESSAR:  50,000 unsecured with the standard
22   conditions.  The travel that the Court usually imposes --
23             THE COURT:  Okay.  I'm sorry, Mr. Cessar, did I
24   interrupt you?
25             MR. CESSAR:  We may have to have a condition that he
```

1    can travel to Pittsburgh for the time of his sentencing and his

2    travel.

3            THE COURT:  That is within the -- I have the

4    conditions here.  I just received them.  I can read them into

5    the record.

6            Mr. Haas, do you have a position with regard to the

7    bond question?

8            MR. HAAS:  We received the Pretrial Services report

9    and would stipulate it is accurate information and would go

10   along with it.

11           I would like to give the Court a bit of information.

12   In the recitation it was indicated Mr. Sosna was still somewhat

13   in control of his nine facilities; that is not accurate.  Those

14   have been put in the hands of the receiver in order to amass as

15   much equity and preserve as much equity.  And Mr. Sosna has no

16   date-to-day or -- zero contact with checkbooks, funds, monies

17   coming and going, as you can imagine, cash flow.  Those are all

18   being supervised.  Outside of my office, I have nothing to do

19   with it; Mr. Statman has nothing to do with; Mr. Sosna, the

20   Defendant, has nothing to do with it.  So, I just wanted to let

21   the Court have that information.

22           THE COURT:  Very well.  We will proceed with the

23   requested $50,000 unsecured bond.  And I'm going to look to a

24   different screen and I will read the conditions of bond.

25           Mr. Sosna, you are going to be required to report to

1  the Pretrial Services office in order to procure the fees

2  conditions and to sign the authorizations and the bonding.  And

3  you'll need to coordinate that with your counsel and probation

4  office.

5          You are to report as soon as possible to the Pretrial

6  Services any change in your address, your telephone, or your

7  employment status.

8          You are to abide by the following restrictions on your

9  personal association, place of abode, or travel:

10          Travel is restricted to the Western District of

11  Pennsylvania, for court purposes only, and the Southern District

12  of Ohio.

13          You are not to obtain a passport.  If you have a

14  passport currently, you are required to surrender that passport

15  to Pretrial Services and not obtain any new passport.

16          You are to avoid all contact, direct or indirect, with

17  any person who is or may become a victim or potential witness in

18  the investigation or prosecution of this case.

19          You are to report as soon as possible to Pretrial

20  Services any contact with law enforcement personnel including,

21  but not limited to, any arrest, questioning, or traffic stop of

22  yourself.

23          You are to refrain from possessing a firearm,

24  destructive device, or other dangerous weapon.

25          You are to refrain from the use of or unlawful

 1   possession of a narcotic drug or other controlled substance as

 2   defined in 21 U.S.C. Section 802 unless prescribed by a licensed

 3   medical practitioner.

 4          You are also to participate in any mental health

 5   treatment if the Pretrial Services officer or supervising

 6   officer considers it advisable.

 7          I believe those are all of the conditions we have at

 8   this point in time.

 9          Is there anything further, counsel, for the record

10   today?

11          MR. CESSAR:  From the Government, no, Your Honor.

12          MR. HAAS:  Nothing from Mr. Sosna, Your Honor.

13          THE COURT:  Nothing, did you say?

14          MR. HAAS:  Nothing, Your Honor.

15          THE COURT:  Mr. Sosna, is there anything you would

16   like to present before we adjourn today?

17          THE DEFENDANT:  No, Judge.

18          THE COURT:  The matter is now adjourned.  Thank you

19   very much.

20          (Proceedings adjourned at 2:04 p.m.)

21                        -  -  -

22

23

24

25

1                        C E R T I F I C A T E

2

3          I, SHARON SIATKOWSKI, certify that the foregoing is a
   correct transcript from the record of proceedings in the
   above-entitled matter.

4

   s/Sharon Siatkowski
5  SHARON SIATKOWSKI, RPR, CRR, CBC, CRI
   Official Court Reporter

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25