IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-305 |
| | ) |
| HAROLD SOSNA | ) |

<u>SENTENCING MEMORANDUM</u>

AND NOW comes the United States of America, by and through its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Robert S. Cessar and Jeffrey R. Bengel, Assistant United States Attorneys for said district, and files the following sentencing memorandum.

In May 2020, the defendant, Harold Sosna, was the President of Premier Healthcare Management, an entity that owned and operated nursing care facilities in southern and central Ohio. As part of his business, Sosna and his affiliated entities maintained bank accounts at S&T Bank, which had a principal office in Indiana, Pennsylvania, and First Financial Bank, which had a principal office in Cincinnati, Ohio. Over two days in May of 2020, Sosna used several of these accounts to execute a multi-million dollar check kite, which resulted in a loss of more than $59 million to S&T Bank.

A check kite is a scheme by which an individual takes advantage of the float—the time between presentment of a check and the actual receipt of funds—in order to fool a bank into giving that individual funds that do not actually exist. In a simple check kite, an individual writes a check drawing on an account with funds insufficient to cover it, and then deposits the check in an account at a different, recipient financial institution. At the recipient financial institution, the value of the check is posted to the individual's available balance, where they can make use of it

1

before the recipient institution realizes that it is not backed by sufficient funds. In effect, the recipient bank has been tricked into providing its funds to the individual under false pretenses.

Sosna's check kite followed this pattern; it was atypical only in its size. To execute the scheme, Sosna wrote and negotiated a total of 203 checks, with a total value of more than $118 million. As outlined below, these checks were passed between an account at S&T Bank and five different accounts at First Financial Bank:

| Date | Number of Checks | Approximate Value | Originating Bank Accounts | Deposit Bank Accounts |
| --- | --- | --- | --- | --- |
| May 15 | 44 | $26 million | First Financial Bank Accounts 1 and 2 | S&T Bank Account 1 |
| May 15 | 61 | $26 million | S&T Bank Account 1 | First Financial Bank Accounts 3, 4, and 5 |
| May 18 | 44 | $33 million | First Financial Bank Accounts 1 and 2 | S&T Bank Account 1 |
| May 18 | 54 | $33 million | S&T Bank Account 1 | First Financial Bank Accounts 3, 4, and 5 |

Sosna knew—but S&T Bank did not—that the checks being written on First Financial Accounts 1 and 2 were not adequately funded. When the kite ended, S&T Bank had been manipulated by Sosna into extending him $59 million of its own money on false pretenses. That amount represents its actual loss as a result of Sosna's conduct.

Having now pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344(1), Sosna's applicable guideline range is 63 to 78 months, based on a total offense level of 26 and criminal history category of I. The United States submits that a sentence within that range is necessary to comply with the factors set forth in 18 U.S.C. § 3553(a). Sosna's offense is not one

that could be committed in a momentary lapse of judgment.  Writing more than 200 checks between six accounts and two banks over the course of two days requires an element of planning that must be accounted for by the sentence in this case.  The sentence must also account for the $59 million loss actually incurred by S&T Bank, an important regional financial institution headquartered in the Western District of Pennsylvania.  This loss was foreseeable to Sosna—after all, the goal of his scheme was to trick S&T Bank into extending him money that was not actually backed by deposits.  With so large a loss, the United States submits that a guideline sentence is necessary to reflect the seriousness of Sosna's offense and provide just punishment for it.

  WHEREFORE, the United States respectfully requests that the Court impose a guidelines sentence in this case.

                Respectfully submitted,

                STEPHEN R. KAUFMAN
                Acting United States Attorney

       By: */s/ Robert S. Cessar*
          ROBERT S. CESSAR
          Assistant United States Attorney
          PA ID No. 47736

          */s/ Jeffrey R. Bengel*
          JEFFREY R. BENGEL
          Assistant United States Attorney
          DC ID No. 1018621