IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 20-305 |
| | ) |
| HAROLD SOSNA | ) |

### MEMORANDUM OPINION and ORDER

On November, 2022, Defendant Harold Sosna filed a pro se Motion for Modification of Sentence, in which he seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 74. Defendant seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to the heightened health risk presented by COVID-19, as well as Defendant's specific medical conditions and advanced age. Consistent with Court protocol, on January 17, 2023, the Court appointed counsel to represent Defendant with respect to his Motion. ECF Nos. 75. On January 20, 2023, after consulting with Mr. Sosna, appointed counsel filed a Motion to Withdraw, which was granted. ECF Nos. 76 & 77. Appointed counsel explained that Mr. Sosna was capable of representing himself and that his pleading clearly and sufficiently stated his arguments for compassionate release. Thereafter, the government filed a Response to Mr. Sosna's pro se Motion. ECF No. 80 & ECF No. 82 (under seal).

### I. Background

On October 20, 2020, Mr. Sosna entered a plea of guilty to a one Count Information, charging him with Bank Fraud in violation of 18 U.S.C. § 1344(1). Defendant's advisory guideline range called for imprisonment of 63 to 78 months. On October 7, 2021, Defendant was sentenced to a below-guidelines term of imprisonment of 42 months, to be followed by a

1

term of supervised release of 3 years. At the time Defendant's Motion was filed he was located at the Federal Correctional Institution at Morgantown, West Virginia. He has since been relocated to the Residential Reentry Management Field Office in Cincinnati (RRM Cincinnati). His expected release date is June 27, 2023.

Mr. Sosna is 69 years of age. He reports that he has diabetes, high cholesterol, , hypertension, an enlarged prostate, dizzy spells that may indicate low blood pressure, and obesity. He states that his conditions place him at a higher risk for severe illness or death should he contract COVID-19, the Flu, or other Flu-like illnesses. He argues that extraordinary and compelling reasons exist warranting relief based on his health conditions in combination with the risk of contracting COVID-19. As such, he requests that his sentence be reduced to "time served" or, in the alternative, he requests that he be moved to home-confinement for the remainder of his sentence.

### III.     Request for Reduction of Sentence[1]

The government concedes that Mr. Sosna has exhausted his administrative remedies with respect to claims based on his medical conditions, age, and risk of contracting COVID-19, but notes that Mr. Sosna's request for reduction of sentence based on the risk of contracting other illnesses was never submitted to the Warden, and therefore such claim is not ripe. The Court agrees with the government that any claim regarding the risk of contracting

---

[1] The Court lacks the authority to grant Mr. Sosna's request that he be transferred to home confinement for the remainder of his term of imprisonment. Once a sentence of imprisonment is imposed, the sentencing Court generally lacks the authority to modify the sentence. *United States v. Dillon*, 560 U.S. 817, 825 (2010). A court may correct or modify a sentence only under limited circumstances. Assuming a reduction in sentence is warranted, a court may "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). In other words, the Court may reduce a sentence and simultaneously impose home confinement as a condition of supervision, but the Court does not have the authority to "convert" a term of imprisonment to a term of home confinement. Therefore, this request is denied.

2

other illnesses, such as Flu and Flu-like illnesses, are not yet ripe. In addition, now that Mr. Sosna resides in a different federal facility, the specific health risks he faced in Morgantown are no longer present.

### A. Applicable Law

The First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), provides, in relevant part that

> **(A)** the court, . . . upon motion of the defendant . . .may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act directs analysis, for extraordinary and compelling reasons, to the Sentencing Commission's applicable policy statement, which provides in relevant part that, after considering the section 3553(a) factors, the court may reduce a term of imprisonment if it determines that--

(1) (A) Extraordinary and compelling reasons warrant the reduction; . . . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. §1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)).

The Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). The Commentary, at subsection (D), provides a catch-all provision, permitting

3

release where there exists an extraordinary and compelling reason other than, or in combination with, the reasons set forth within the other Commentary sections. U.S.S.G. § 1B1.13, comment (n.1(D)).

1. **Section 3553(a) Factors**

Pursuant to the Sentencing Commission's Policy Statement, before reducing a defendant's sentence the court must first consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. U.S.S.G. § 1B1.13, p.s. Upon review of these factors, this Court concludes that a sentence reduction is not appropriate. The Court sentenced Mr. Sosna to a sentence of 42 months; 21 months below the low-end of the guideline range of imprisonment of 63 to 78 months. Mr. Sosna committed bank fraud on a massive scale, causing over $58 million in losses to victims. In addition, he used a position of trust in carrying out the offense. At his sentencing hearing, this Court was aware that Mr. Sosna had multiple medical conditions, having reviewed them in both Mr. Sosna's Motion for Downward Departure and in the Presentence Report. Moreover, defense counsel argued for a variance at sentencing based, in part, on Mr. Sosna's medical conditions. At the time of sentencing, as well as currently, the COVID-19 virus presents serious concerns, which are being considered in deciding this Motion. Present consideration of Section 3553(a) factors continues to support the original sentence in this case.

2. **Extraordinary and Compelling Reasons**

In addition to considering section 3553(a) sentencing factors, Mr. Sosna must also demonstrate "extraordinary and compelling reasons" for compassionate release. As discussed above, the Sentencing Commission Commentary to the Policy Statement describes medical

circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)).

Mr. Sosna points to his diabetes, high cholesterol, hypertension, enlarged prostate, low blood pressure (dizziness), and obesity as "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i), as elaborated by the Sentencing Commission in U.S.S.G. § 1B1.13. As stated, the Court was aware of Mr. Sosna's health conditions at sentencing, and presently there is no information indicating that such conditions, either alone or together, warrant compassionate release.

Moreover, Mr. Sosna's medical records, obtained by the government, show that he has received the initial two doses of COVID-19 vaccine as well as the two recommended follow-up COVID-19 booster shots. These vaccinations and booster shots reduce Mr. Sosna's risk of contracting Covid-19 and reduce the chance that he will suffer serious side-effects should he contract the disease. Finally, it appears from the medical records at FCI Morgantown, that Mr. Sosna was being given proper care for his conditions.

The catchall, "other reasons" from the Sentencing Guidelines Commentary, USSG 1B1.13, comment (n1.(D)), do not justify Mr. Sosna's release. The Court recognizes the risk of exposure to COVID-19 within FCI Morgantown. However, Mr. Sosna has been moved from that facility and is in a Residential Reentry program in Cincinnati, where the risk of exposure to COVID-19 bas not been quantified for the Court. In any event, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Court reiterates that Mr. Sosna's crime of conviction was

serious, the Court was aware of his medical conditions at the time of sentencing, and the sentence imposed was below the guidelines. When considering all circumstances impacting Mr. Sosna, even in combination, such do not constitute extraordinary or compelling reasons for compassionate release.

      Accordingly, the Court denies Defendant's Motions.

      AND NOW, this 28th day of March 2023, it is HEREBY ORDERED that Defendant's pro se Motion for Modification of Sentence (ECF No. 74) is DENIED.

                                           s/*Marilyn J. Horan*
                                           United States District Judge

Harold Sosna, pro se
REC # 13358-509
FCI MORGANTOWN
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 1000
MORGANTOWN, WV  26507

Harold Sosna, pro se
# 13358-509
RRM Cincinnati
RESIDENTIAL REENTRY PROGRAM
36 E. 7TH ST. SUITE 2107-A
CINCINNATI, OH 45202